CHARLOTTE STALLWORTH FOUNTAIN v. HENRY LEWIS FOUNTAIN

167 So. 651.
Division B.
Opinion Filed April 21, 1936.

*C. Hobart Villar,* for Appellant;

*A. A. Fisher,* for Appellee.

BUFORD, J.—By Section 24 of Article V of the Constitution there was established in Escambia County a Criminal Court of Record. Section 25 provided the jurisdiction of such Court. Section 30, amongst other things, provided that the Sheriff of the County should be the Executive Officer of said Court and his duties and fees shall be fixed by law.

Section 39 of Article V of the Constitution provides as follows:

"From and after the adoption of these amendments the Criminal Court of Record in and for Escambia County

shall be known as the Court of Record in and for said County, and in addition to their present jurisdiction, the said Court and the Judge thereof shall have in Escambia County concurrent with the Circuit Court of said County and the Judge thereof, the same original jurisdiction of all other cases and matters and the same power and authority to issue all writs as the Circuit Court of said County and the Judge thereof, excepting capital cases, and the power to summon and empanel a grand jury. The same rules of procedure and practice and rights of trial by judges *ad litem* and referees which obtain in said Circuit Court shall obtain in said Court of Record. The Governor may, in his discretion, order any one of the Circuit Judges of the State to hold one or more terms or parts of terms of said Court of Record. (Additional section, Joint Resolution 2, Acts 1909, p. 681; adopted at general election, 1910.)"

Charlotte Stallworth Fountain, in August, 1935, filed her bill of complaint in the Court of Record of Escambia County, praying a decree of divorce against her husband, Henry Lewis Fountain. Summons in chancery was issued and served on the defendant by a constable, the return being as follows:

"Received this summons in Chancery on the 13th day of August, A. D. 1935, and executed the same on the 13th day of August, A. D. 1935, in the County of Escambia, Florida, by delivering a true copy thereof to the within named defendant; Henry Lewis Fountain, in person, the said defendant having been found and served by me within the limits prescribed by law for the first Justice's District of Escambia, Florida.

"(Signed) S. J. BURNS, Constable, First Justice District of Escambia County, Florida."

The defendant appeared specially and moved to quash the service upon the following grounds:

"The said summons in chancery was not served upon the defendant by the proper executive officer of this Court. Said summons was served by the constable of the First Justice's District of Escambia County, Florida, and not by the Sheriff of Escambia County, Florida, or one of his authorized deputies.

"WHEREFORE defendant says that said service and return should be quashed."

The motion was granted and the service of process was quashed. From that order the appeal was taken which brings the case here for consideration and the sole question for our determination is whether or not service of process issuing out of the Court of Record of Escambia County which is located in the First Justice's District of Escambia County, may be served on the defendant in that district by a duly qualified constable. It is the contention of the appellee that because the Sheriff was named as the executive officer of the Criminal Court of Record and that thereafter by an amendment to the Constitution the Criminal Court of Record became the Court of Record in and for Escambia County, the process may only be served by the Sheriff or his deputy.

Section 23 of Article V of the Constitution provides as follows:

"A constable shall be elected by the registered voters in each justice's district, who shall perform such duties, and under such regulations as may be prescribed by law."

Pursuant to the provisions of this section of the Constitution which must be read in connection with Section 30 of Article V of the Constitution and both be given full force and effect, if possible, the Legislature of 1923 enacted

Chapter 9318 which amended Section 2598 R. G. S., and became Section 4238 C. G. L., the pertinent part of which reads as follows:

"All process, except that issuing from a justice of the peace court, shall be served by the sheriff or any constable of the county in the district in which it is to be served. Process of a justice of the peace court may be served by a sheriff of the county or by a constable."

The process is not the command of the officer serving the writ but it is the command of the court issuing the writ and while under the provisions of Section 30 and Section 39 of Article V of the Constitution it can not be questioned that the sheriff of the county is the executive officer of the Court of Record of Escambia County, it does not follow, however, that under that provision of the Constitution the power to serve process issuing from that court is vested solely in the Sheriff because the Constitution, as above noted, in another section has provided for the election of constables and has provided that when so elected such constables shall perform such duties and under such regulations as may be prescribed by law.

When the Legislature of Florida saw fit to enact Chapter 9318, Acts of 1923, it vested the power in constables to serve process issuing from the Court of Record of Escambia County which may be served upon a defendant within the Justice of the Peace District in which such constable is authorized to officiate. It follows that service of process so made by a constable is sufficient to bind the defendant.

For the reasons stated, the order appealed from is reversed, with directions that further proceedings be had not inconsistent with the views herein expressed.

So ordered.

ELLIS, P. J., and TERRELL, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.